you a unique opportunity to argue by yourself, Mr. Coffman, because Ms. Corlatt unfortunately had an accident, which precludes her being here. But since you are here and from Arizona, we'll just hear argument from you. And if we believe that further argument is necessary, then we will arrange to hold it by telephone. Thank you, Your Honor. I understand Ms. Corlatt's action. I have no objection to come back at another time. It's always a good excuse to come back here. Why don't you proceed now since you're here and we have the case in front of us? Thank you, Your Honor. With the Court's permission, my name is John Coffman. I'm from Tucson, Arizona. I represent Mr. Rodriguez. It's always a pleasure to be before the Court, and I thank the Court for the opportunity. Let me talk about what I want to talk about before you jump on me. Because of my unblemished record before this circuit in Fourth Amendment issues, I want to really talk about the hard issue of this case, and that's whether there's a waiver and whether this Court should, in fact, take this case and remand it back to the district court for resentencing. There is an issue of waiver. If you take a look at the plea agreement, and to be candid with the Court, when we entered into this plea agreement, the issue was the Fourth Amendment issue of suppression. There was no sentencing issue at that time. There was nothing to waive concerning sentencing issues because it was just the change of plea. Because of our system that we have regarding changes of plea, we have to ask the government for permission to change plea, actually to plead guilty in order to preserve this kind of an appeal. This is a suppression or the suppression. We had to go and ask Ms. Corlett and her employer for permission to plead guilty, which is, we believe, kind of ludicrous, but that's the nature of the rule. That's Rule 11. We've got to live by it. So the question is, can we waive something that is really not in existence? Now, I've taken a look at the agreement, the contract. The agreement was proffered and prepared by the government. And, of course, under the laws of this circuit and of the United States Supreme Court, these documents are interpreted pursuant to contract law and are construed against the maker. In this case, the maker is the United States government. If you take a look at the waiver issues, there are a couple of paragraphs concerning waiver issues that are highlighted in both my brief and the government's brief, and that's paragraph 6 and paragraph 10. The waiver issue is explicitly reserved for the only issue that was in existence at that time, which was the motion to suppress. That's contained in paragraph 6. If you go to paragraph 10, there are additional waiver provisions, and they, in fact, any right that the defendant waives any right to appeal the imposition of a sentence upon the defendant under Title 18 U.S.C. Section 3742. And that's the clear language of the agreement. However, if the court reads further on in that agreement, the remedies by the government are limited in that case, and the remedies that are suggested by the paragraph have not been brought into force by the government. There is one remedy, and only one remedy available if we do appeal. And that remedy is, if the defendant files a notice of appeal notwithstanding this agreement, the defendant agrees that this case shall be remanded to the district court to determine whether the defendant is in breach of the agreement, and if so, to permit the United States to withdraw from the plea agreement. I don't believe the United States wants that option. They haven't brought that option forward to the court. That's their only option. And if the statute does not waive, just suppose that it's not waived, and you're here straight up, how is the safety valve even available, given the criminal history points? Well, that's a very interesting question. We have two things going on here. One is a statute, 183553, and the other one is the guidelines. The statute eliminates the statute, the safety valve, eligibility to one criminal history point pursuant to the guidelines. But if you go into the guidelines, this case, and Mr. Rodriguez's case, is exactly the type of case that both the Sentencing Commission and Congress were talking about when they were talking about overrepresented criminal history points. This guy has one conviction, one conviction over 10 years ago, 10 years from the date of his sentencing, for driving while under the influence of intoxicants. He didn't even get a sentence for that. He got a probation sentence. Mr. Rodriguez was unable to manage probation in that case. Ultimately, his probation was revoked, and he was given 90-day sentence. Henceforth, he gets two criminal history points. If you take a look at the commentary to the sentencing guidelines, this is exactly the point that we're talking about. What I asked the Court to look at is the language that the Court uses when they sentenced Mr. Rodriguez. When he sentenced Mr. Rodriguez, the Court was clearly perplexed about how to deal with this issue. I think the Court wanted to clearly, to sentence him below the statutory minimum, which we had suggested and pushed hard for Mr. Rodriguez, simply because his criminal history was clearly overrepresented in a Category 2 in this particular case. Then we come, after the Court kind of equivocates and says he doesn't have the authority to do so, the Supreme Court hands down Booker and says Booker should read the guidelines as advisory. I was kind of surprised that this Court didn't remand this case with all the other Booker limited remand cases to see if, in fact, the Court could consider the guidelines advisory and, therefore, reduce the criminal history. Kagan. But there's no sixth amendment problem here. Excuse me, Your Honor? There is no sixth amendment issue. No. There is no sixth amendment issue. It's not a traditional Booker issue because it's a prior conviction. And, of course, prior convictions were excluded from Apprendi, Booker, Blakely type of issues. But it does say this, that the guidelines are to be considered advisory and not mandatory. And I think that gives additional leeway or further leeway for the trial court to consider this matter for a reduction of criminal history points, for him, in fact, to be able to enter into a criminal history category one and, therefore, become safety valve eligible pursuant to the statute. Well, what is it that supports the proposition that the safety valve eligible is to be considered after the Court has made whatever adjustment it chooses to make, whatever departure it chooses to make from the guidelines? I think we have precedent that says that calculation comes before the Court makes any such adjustment. And that's correct. And the Court clearly said he didn't think he had the authority to make that adjustment. What I want this Court to say is, yes, you do have the authority to make that adjustment and send it back to him so he can enter his discretion before he makes that decision that you're talking about. And what's the basis for saying that we have the authority to do that? We have precedent that says it's the contrary. Well, you have the guidelines. The guidelines clearly say over-representation of criminal history. The Court should consider downward departure for the criminal history point. That's the commentary to the guidelines. But that's an unreviewable decision anyway. Excuse me? That's an unreviewable decision anyway, isn't it? I don't believe so, Your Honor. This Court rules de novo whether or not the Court has the authority to go below to actually make that decision. Here the Court didn't think it had the decision. Perhaps his decision whether or to count the points, once he ultimately counts it, is not reviewable. But the decision whether he has the authority to do so is reviewable by you and is reviewable by you de novo. And that's what I'm asking you in this case to do, is to review it de novo, tell him that he has the authority and see if he wants to do it. If it goes back to the Court, then clearly with that he can make the same decision if that's what he wants to make. If he thinks, and which I think he would think, that it was clearly an over-representation, then the Court can tell him he's got the authority if he wants to, to consider the over-represented criminal history, to consider him a Category 1, to pursue a sentencing pursuant to the safety valve exception, which would, I think, substantially reduce Mr. Rodriguez's sentence, maybe by as much as 20 or 30 months. With that in mind, does the Court have any more questions of me? I don't think so. Thank you for your consideration. Thank you for your argument, Mr. Hoffman. I assume, I mean, if you wanted to speak for the government, I mean, we're not certainly foreclosing you from doing that. I would prefer the Court pursue the process that it suggested. All right. If there's questions, you query Ms. Corlett. I did help her to some degree with her moot argument, but it was primarily focused on suppression issues. And so I simply don't have the knowledge and the record to help you on the sentencing issue. All right. Thank you, Mr. Ferg. Thank you, Your Honor. May I be excused? Thank you. The matter will just argue it will be submitted unless we take any further action.
judges: Rymer, W. Fletcher, Clifton